```
                 UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MASSACHUSETTS


LD ASSOCIATES, INC.,              )
          Plaintiff               )
                                  )
          v.                      ) C.A. No. 09-cv-30059-MAP
                                  )
ELIZABETH KRANT, ET AL.,          )
          Defendants              )
                                  )
          v.                      )
                                  )
LD BUILDERS, LLC, ET AL.,         )
          Defendants              )
```

## MEMORANDUM AND ORDER REGARDING DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT, PLAINTIFF'S MOTION TO ENFORCEMENT SETTLEMENT AGREEMENT, DEFENDANTS' SUPPLEMENTAL MOTION TO ENFORCE SETTLEMENT AGREEMENT, AND DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SANCTIONS
(Dkt. Nos. 23, 25, 27, 28, & 40)

November 9, 2010

**PONSOR, U.S.D.J.**

This is a construction dispute between purchasers David and Elizabeth Krant (Defendants and Plaintiffs in Counterclaim) and the developer/contractor LD Associates, Inc., LD Builders LLC, David A. Ward, and his son Matthew A. Ward (Plaintiff and Defendants in Counterclaim).[1]

On November 6, 2008, LD Associates filed suit against the Krants in Berkshire County Superior Court for breach of contract. The suit was thereafter removed to federal court,

---

[1] Since the case features a complaint and counterclaim, the court will refer to the parties by their names rather than by their status.

and on March 26, 2010 the parties entered into mediation. These efforts resulted in what appeared to be an agreement.

On May 20, 2010, the Krants filed a motion to enforce the settlement (Dkt. No. 23); eight days later the LD parties and the Wards filed their own motion to enforce the settlement agreement (Dkt. No. 25).

Apparently, the parties entered into a second agreement on August 6, 2010, but unfortunately that agreement became enmeshed in further dispute. On September 21, 2010, the Krants filed an emergency motion to enforce the settlement agreement (Dkt. No. 27) and a motion for sanctions (Dkt. No. 28).

On September 28, 2010, the parties appeared before the court for argument on the pending motions. In the course of the hearing, it emerged that a resolution acceptable to all parties except Matthew Ward had been reached.[2] The court ordered counsel for the settling parties to submit a proposed written order embodying the settlement. The proposed order was submitted in accordance with the court's directive, and on October 8, 2010 the court adopted the order, effectively resolving the dispute among all parties except Matthew Ward. (See Dkt. No. 35.) Assuming that the

---

[2] The Krants took the position that the settlement bound Matthew Ward; Matthew Ward disagreed.

terms of the current agreement are complied with, which the court expects will happen, a substantial part of this litigation, if not all of it, will effectively be resolved by November 30, 2010.

Given the settlement, only two issues remain before the court: whether the settlement is binding upon co-defendant Matthew Ward and whether any party is entitled to sanctions.

The court will deny the Krants' motions to enforce the settlement against Matthew Ward, for three reasons.  First, disputed issues of fact exist as to whether Matthew Ward, either personally or through counsel, agreed to the settlement.  See Bandera v. City of Quincy, 344 F.3d 47, 52 (1st Cir. 2003) (citations and quotation marks omitted) ("[A] trial court may not summarily enforce a settlement agreement if material facts are in dispute as to the validity or terms of the agreement.")  Second, Matthew Ward is a relatively minor figure in this dispute, and his participation is not necessary in order to effectuate the substantial settlement embodied in the court's order of October 8, 2010.  Third, the global settlement of all the issues in this case -- the terms of which will be effectuated imminently -- makes it unnecessary to expend additional time on the subordinate issue of the applicability of the settlement to Matthew Ward.

For similar reasons, the court will deny both sides' motions for sanctions.  Both sides seek attorneys' fees, but neither demonstrates the bad faith necessary to succeed on their motion.  See Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993) (discussing the bad-faith exception to the general rule against fee shifting and cautioning that this power "should be used sparingly and reserved for egregious circumstances").  Furthermore, it is impossible for the court, given the vehemence of the accusations and counter-accusations, to sort out who bears responsibility for the painful disputes that the parties are now poised to put behind them.

For the foregoing reasons, Defendants' Motion to Enforce Settlement Agreement (Dkt. No. 23), Plaintiff's Motion to Enforce Settlement Agreement (Dkt. No. 25), Defendants' Supplemental Motion to Enforce Settlement Agreement (Dkt. No. 27), and Defendants' and Plaintiff's Motions for Sanctions (Dkt. Nos. 28 & 40) are all hereby DENIED.

These rulings leave alive only the counter-claim by the Krants against Matthew Ward.  Assuming that the court's order of October 8, 2010 is complied with, which the court expects, little appears to be gained, except the further expenditure of attorney's fees, by continued pursuit of

**Matthew Ward by the Krants.  However, if the Krants wish to pursue the litigation against this remaining party, a proposed schedule for further proceedings will be filed by counsel for the Krants and counsel for Matthew Ward no later than December 10, 2010.  By this date, the court assumes that all steps contemplated by the October 8, 2010 court order will have been completed.**

      **It is So Ordered.**

                                          <u>/s/ Michael A. Ponsor</u>
                                          **MICHAEL A. PONSOR**
                                          **U. S. District Judge**